IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEJANDRO JAIMEZ TAMAYO | § | |
|     Movant, | § | |
| | § | 3:19-cv-522-M (BT) |
| v. | § | 3:05-cr-313-M (BT) |
| | § | |
| UNITED STATES OF AMERICA | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Alejandro Tamayo filed a Mandatory Judicial Notice that the District Court construed as a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. For the following reasons, the motion should be transferred to the Fifth Circuit Court of Appeals as successive.

I.

On August 1, 2006, Movant pled guilty to conspiracy to possess with the intent to distribute more than 500 grams of methamphetamine and more than five kilograms of cocaine. On November 27, 2006, the District Court sentenced him to life imprisonment. On December 26, 2007, the Fifth Circuit Court of Appeals affirmed his sentence. *United States v. Tamayo*, 260 F. App'x 700 (5th Cir. 2007) (unpublished).

1

This is Movant's fifth § 2255 motion. On June 7, 2011, the District Court denied Movant's first motion on the merits. *See Tamayo v. United States*, 3:09-CV-94-M (N.D. Tex.) The court subsequently transferred Movant's next three § 2255 motions to the Fifth Circuit as successive. *See Tamayo v. United States*, Nos. 3:13-cv-3473-M, 3:13-cv-5035-M, and 3:16-cv-1863-M. The Fifth Circuit has not granted Movant authorization to file a second or successive motion.

On February 18, 2019,[1] Movant filed the instant motion, in which he claims: (1) his conviction is void; (2) the Court had no criminal jurisdiction over his case; and (3) his prosecution was unconstitutional.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder

---

1    Prisoner motions are considered filed on the date they are placed in the prison mailing system. **Error! Main Document Only.***See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

2

would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Movant must obtain such an order before he files another motion for post-conviction relief.

### III.

Movant's § 2255 motion should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed March 15, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).